No. 10,243.

THE STATE EX REL. D. A. MAYER vs. N. H. RIGHTOR, JUDGE OF DIVISION D, OF CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

Our supervisory power will be exercised only in cases where there has been a flagrant usurpation of authority, or when serious injury may occur to parties to whom no other remedies are afforded, or when the intermediate courts are without power to grant relief.

This Court will respect the independence of inferior courts in the determination of questions confided to their judicial discretion, and will not usurp merely appellate jurisdiction not conferred upon it by the Constitution.

State ex rel. Mayor vs. Judge.

If the case in which relief is sought be appealable, the relator has adequate remedy by appeal and is not entitled to the prohibitive authority of this Court.

A mere apprehension of injury is not, of itself, sufficient to justify the interference of this Court with the proceedings of inferior tribunals acting within the general scope of their powers.

APPLICATION for Prohibition.

*Braughn, Buck, Dinkelspiel & Hart* for the Relator.

*Leonard, Marks & Bruenn* for the Respondent.

The opinion of the Court was delivered by

WATKINS, J. In an attachment suit entitled H. Wallach's Sons vs. Dan A. Mayer, pending in the respondent's court, demand is made for the sum of $1,352. In a supplemental petition, subsequently filed, the plaintiffs prayed for, and obtained from the respondent a writ of sequestration for the seizure and detention of all the commercial books of the defendant. The defendant moved to set aside this writ on several grounds, but the motion did not prevail, though the respondent granted the defendant a rule on the plaintiffs to show cause why the order granting the writ should not be vacated. This rule was tried, argued, submitted and discharged by the court.

On this substantial statement of facts the defendant, as relator here, complains that the respondent, "in ordering said writ of sequestration, exceeded the bounds of his jurisdiction, inasmuch as the cause in which the writ issued was not one contemplated, authorized, or allowed by law. That petitioner's books are not subject to seizure but are expressly exempted therefrom, not only by the general laws on the subject of exemptions from seizure, but also under Article 2 of the Constitution; that the law prescribes methods by which books and papers may be brought before the court, and said methods had been resorted to in the cause aforesaid."

That, moreover, said judge had exceeded the bounds of his jurisdiction in thus ignoring the issue made by a rule to show cause why a writ of sequestration should not issue for his commercial books and papers, which was quoted on a previous supplemental petition, and which still remains undisposed of.

The respondent returns that the averments of the relator's petition do not authorize this court to grant the relief prayed for; that it appears therefrom that he complains of an interlocutory order made by him in a cause of which he has full jurisdiction, and after a judicial hearing, and from which, if his complaints be well founded, he can

only be relieved by an appeal; that when such remedy exists, a writ of prohibition should not be granted.

He further returns that the relator did not, at any time, except to his jurisdiction in the premises, and in the absence of such plea, and a decree overruling same, the writ of prohibition cannot properly issue.

He further shows that the original suit in which said interlocutory order was granted has not been tried, but stands on answer, pending trial.

His answer concludes by stating that "in the interest of justice and to perpetuate evidence" he made the order complained of, and that in so doing he acted in his judicial capacity and, as he believes and avers, in the proper exercise of the powers vested in him by law.

We are of the opinion that the relator has not presented a case entitling him to relief at our hands.

This Court has frequently decided that it would exercise the supervisory power conferred upon it "only in cases where there has been a flagrant usurpation of authority, or when serious injury may occur to parties to whom no other remedies are afforded, or when the intermediate courts are without power to grant relief." State ex rel. Sinnott vs. Falls, 32 Ann. 555; State ex rel. City of New Orleans vs. Judge, 32 Ann. 552; State ex rel. Follet vs. Judge, 32 Ann. 1184.

We have said that "in the exercise of this power * * * we wish it distinctly understood that we will respect the independence of inferior courts in the determination of all questions confided to their judicial discretion, and shall not usurp merely appellate jurisdiction not conferred upon us by the Constitution." State ex rel. City vs. Judge, 32 Ann. 552.

We have decided that "the case being appealable, the relators have an adequate remedy by appeal, and are not entitled to the interposition of the prohibitive authority of this Court." State ex rel. Follet vs. Judge, 32 Ann. 1184; State ex rel. Hernandez vs. Judge, 33 Ann. 925; State ex rel. Berthoud vs. Judge, 34 Ann. 783.

It has been held that notwithstanding the relator's complaint may justly "cause an apprehension of injury, admitting that the court was without any authority in the premises, as alleged, yet a mere apprehension of injury is not of itself sufficient to justify the interference of this Court with the proceedings of an inferior tribunal. acting within the general scope of its powers and exercised in an appealable case." State ex rel. Hernandez vs. Judge, 33 Ann. 925.

As if to summarize the principles announced in all of the cases preceding, the Court said in State ex rel. Berthoud vs. Judge, 34 Ann. 783:

State ex rel. Mayer vs. Judge.

"It may well be that the judgment is in flagrant violation of law, will work irreparable injury and visit a great hardship on the corporation affected by it, but under our well defined jurisdiction we are powerless to relieve the relator; and we have no more authority to revise that judgment than any other judgment in an unappealable case, falling, as this case undoubtedly does, within the jurisdiction of the court which rendered the judgment."

These decisions cover the instant case, in every possible view that can be taken of it. The order for the issuance of the writ of sequestration was made by the respondent in a cause depending in his court, over which he had undoubted jurisdiction. It was an interlocutory decree that he thought would subserve the ends of justice and perpetuate evidence material to said cause. Though it was granted *ex parte*, he gave to the relator permission to traverse it on a rule to show cause why same should not be set aside.

A trial of this rule was held, and the rule was discharged and the writ maintained.

The principal suit stands on answer, and has not been tried or decided. The amount involved therein is below the lower limit of our jurisdiction, and hence an appeal taken from such final judgment as may be rendered therein would be returnable to the Circuit Court of Appeals. If the relator has sustained any injury by the act of the respondent, in granting said interlocutory order, it is clear that he has adequate remedy by appeal, and it excludes the relief he has sought at our hands.

In quite a similar case the old Court entertained quite a like view of its prohibitive power over the judge of an inferior court. In that case the relators complained that under an execution of a judgment the plaintiffs had taken a rule on them to show cause why they should not produce their books of account, and which had been made absolute, notwithstanding their opposition. Of this application the Court said:

"It does not appear to us that the present case is one in which we are legally authorized to interfere. If the defendants have sustained an irreparable injury by the order for the production of their books, or if, in the ulterior proceedings they apprehend such an injury, they may be entitled to relief at our hands by an appeal. The State vs. Judge, 2 R. 566.

The relator specially invokes the Bill of Rights as protecting his commercial books and papers from seizure. Const., Art. 2.

It provides that "the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and

State ex rel. Cain et al. vs. Judge.

seizures shall not be violated, and no warrant shall issue except upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

We fail to see in what way this constitutional provision applies to this case. The one under consideration was an order for the sequestration of the relator's *commercial* books and papers. It was made upon the sworn petition of the plaintiffs in a pending *civil* suit in the respondent's court. It was made in order to perpetuate certain testimony and to further the ends of justice. It was, in no proper sense, an order for such an "unreasonable seizure" as is contemplated in the cited article of the Constitution, and the relator's demand for prohibitive relief, on this ground must be denied, also.

It is therefore ordered that the alternative writ herein issued be rescinded, and that a peremptory writ of prohibition be refused, at relator's cost.