From First Monday of November, 1899, to June 30, 1900,
Inclusive.

---

HON. FRANCIS T. NICHOLLS, *Chief Justice.*

HON. LYNN B. WATKINS,
HON. JOSEPH A. BREAUX,
HON. NEWTON C. BLANCHARD,
HON. FRANK A. MONROE,
} *Associate Justices.*

---

No. 13,143.

THE STATE OF LOUISIANA EX REL. ROBERT H. MARR, DISTRICT ATTORNEY,
vs. R. B. OTERO, JUDGE SECOND CITY CRIMINAL COURT.

| 52 | 1 |
|----|----|
| 104 | 57 |

| 52 | 1 |
|----|------|
| 111 | 1018 |

### SYLLABUS.

From a judgment rendered by the Criminal District Court of the Parish of
Orleans in the exercise of its supervisory jurisdiction over an inferior Crim-
inal District Court of the same Parish there can be no appeal prosecuted to
the Supreme Court. (State *ex rel.* Sholars vs. Duggan, 51 Ann., 1482.)

Where an order of *mandamus*, even if granted, could not be executed for the
reason that at the time of its issuance there would be nothing then existing
upon which it could be made to operate, the *mandamus* will be refused. (State
*ex rel.* Romain vs. Board of Supervisors of Election, 49 Ann., 578-579.)

Courts will not decide abstract questions of law.

To warrant their action there must be presented some real right in actual con-
testation.

Market Co. vs. City of New Orleans, 47 Ann., 212.

*Construction Co. vs. Railroad Co., 49 Ann., 49.*

A PPEAL from the Criminal District Court for the Parish of Or-
leans. *Moise, J.*

Relator, Appellant, *pro se.*

*Lionel Adams* for Respondent, Appellee.

The opinion of the court was delivered by

NICHOLLS, C. J.    Appellant in this case filed a petition in the Criminal District Court, in which he averred that it had been made his duty as District Attorney, to conduct the prosecution of all criminal cases in the parish of Orleans.    That in compliance with the duty, he had employed Thomas M. Gill, Jr., a licensed and practicing attorney-at-law, to appear for and on behalf of the State of Louisiana, and to conduct in his (relator's) name, and in his stead, a certain criminal prosecution, entitled: "The State of Louisiana vs. Fred A. Smith," then pending in the Second Criminal Court.    That the cause had been set for trial for the 28th of February, 1899; that the judge of the said Second Criminal Court had notified relator that he would not allow the said Gill to appear in behalf of the State, and conduct for and in the stead of the relator, said prosecution on said date, or any other. That said refusal was illegal, arbitrary and oppressive; that in order that said illegal refusal might be investigated and relator granted relief, it was necessary that writs of *certiorari* and *mandamus* issue, ordering the said judge to send up the record in said cause to the Criminal District Court, and that a writ of *mandamus* issue directed to the said judge, ordering him to permit said Thomas M. Gill, Jr., to appear for, and in behalf of the State in said cause and to conduct same in the stead of relator.    In view of these allegations he invoked the supervisory jurisdiction of the Criminal District Court, conferred upon it by Article 139 of the Constitution of 1898, praying that the writs referred to, and for the purpose stated, issue from said court directed to said Otero, judge.

The judge of the Second City Criminal Court was ordered to show cause why said writs should not issue, and such orders be granted as prayed for, and he showed cause in obedience to such directions.    On the trial of this rule the Criminal District Court denied the application for the writ of *mandamus,* stating that the respondent judge had shown sufficient reason to justify his conduct, and the District Attorney appealed to the Supreme Court.

Appellee moved to dismiss the appeal on the grounds:—

1st.    That the supervisory jurisdiction conferred on the Criminal

District Court by Article 139 of the Constitution is exclusive and absolute.

2nd.    That even if it be construed as concurrent with that vested in the Supreme Court by Article 94 of the Constitution, this supervisory jurisdiction when lawfully entertained could not be reviewed by appeal.

3rd.    That the record establishes that the testimony heard on the trial of the *mandamus* proceeding had not and could not be incorporated into the transcript, as it was neither reduced to writing, nor otherwise preserved.

4th.    That as shown by the certificate annexed to the motion to dismiss the appeal the court was asked to determine a mere moot issue, since by consent and under leave of the Criminal District Court, the prosecution out of which the *mandamus* proceedings arose had been tried and disposed of and was no longer pending in the Second City Criminal Court, and Thomas M. Gill, Jr., had been duly appointed and qualified as one of the Assistant District Attorneys, and in his said capacity was recognized as the constitutional representative of the District Attorney in all criminal proceedings before the Second City Criminal Court.

The same question is presented here as was raised in State *ex rel.* D. M. Sholars vs. T. J. Duggan, Judge, on application of the relator therein for writs of *mandamus* and *certiorari* upon the judge of the First City Criminal Court, and was recently decided by us adversely to respondent's right to appeal to this court from a judgment rendered by the Criminal District Court, in the exercise by the latter court of the supervisory jurisdiction conferred upon it over all inferior State and municipal criminal courts in the parish of Orleans by Article 139 of the Constitution.

The *syllabus* of that case reads as follows: "From a judgment rendered by the Criminal District Court for the parish of Orleans in the exercise of the supervisory jurisdiction over an inferior municipal criminal court of the same parish, there can be no appeal prosecuted to the Supreme Court, as such a right of appeal has not been accorded by the Constitution."

Relator invoked the supervisory jurisdiction of the Criminal District Court and its decision on the question submitted to it by him binds him, unless it be of a character such as could be reached by us in some method other than by appeal.    Article 139 of the Constitution

of 1898, fixing the jurisdiction of the Criminal District Court for the parish of Orleans, says: "Said court shall have general and supervisory jurisdiction over all inferior, State and municipal criminal courts in the parish of Orleans, and shall have authority to issue writs of *habeas corpus* in criminal and *quasi* criminal cases, and such other writs and orders as may be necessary or proper in aid of the jurisdiction conferred upon it." The decision in that case controls the present one, and the motion to dismiss must, on the ground stated, be sustained.

Independently of this the evidence would go to show that the case of the State vs. Smith, in which it was sought to order the judge of the Second City Criminal Court to permit Thomas M. Gill, Jr., to appear as the representative of the District Attorney, to conduct the prosecution, has already been finally disposed of, and the order of *mandamus,* even if granted, could not be executed, as there would be nothing upon which it could be made to operate. Courts refuse to grant writs of *mandamus* when such a condition of facts is made to appear. (See State *ex rel.* Romain vs. Board of Supervisors of Election, 49th Ann., 578, 579.)

The desire of the appellant to have us pass upon the question raised in this case is obviously for the purpose of obtaining an expression of opinion or ruling of this court upon the abstract question whether the judge of the City Criminal Court was right or wrong in insisting that the attorney sent by the District Attorney to represent him before that court should be a regularly appointed assistant district attorney or not. This expression of opinion we must postpone giving, until made necessary for the settlement of actually existing claims and rights. (See Railroad Company vs. Construction Company, 49th Ann., 51.)

The motion to dismiss is sustained, and the appeal taken in this case is dismissed.