(36 South. 104.)

No. 14,848.

STATE ex rel. ALBA v. SOMMERVILLE, Judge.

(June 22, 1903.)

MANDAMUS—WHEN GRANTED—DUTIES OF JUDGE—CARE OF INFANT.

1. A mandamus will not issue when it cannot be of any possible benefit to the relator.

2. Nor will the writ be granted when the relator has another adequate remedy.

On Application for Rehearing.

3. The trial judge can act in accordance with his conscience in matter of interest of a minor, and order a reasonable delay if, in his judgment, a delay may be needful to the protection of that interest.

Provosty, J., dissenting.

(Syllabus by the Court.)

Application by the state on the relation of Louis R. Alba, for writs of mandamus and prohibition to W. B. Sommerville, judge of the civil district court, Division D. Application denied.

Dinkelspiel & Hart, for relator. Respondent Judge (William Sterling Parkerson and Bernard Bruenn, of counsel), pro se.

BREAUX, J. This action was taken by relator to compel the judge of the district court to proceed with the trial of the case between plaintiff and the defendant, the Provident Savings Life Assurance Society of New York. The court, for reasons assigned, on the 23d day of April, 1903, continued or postponed the trial of the case (after trial had been opened and had been in progress for some time) for two weeks.

Plaintiff, Louis R. Alba, brought suit against the defendant, the Providence Savings Life Assurance Society of New York, to recover the amount of a policy of life insurance which the company issued on the life of the late Alphonse J. Bachemin.

The policy was not originally issued to plaintiff as beneficiary. It was, he avers, acquired by him, and made payable to him, with the written consent of the company.

The defendant answered plaintiff's petition, and, simultaneously with the answer, deposited $2,919.72 in court—amount admitted by it to be due on the policy.

George H. Magner and Eustace J. Shearman, uncles of Rhea Marie Philomene Bachemin, daughter of the late Alphonse J. Bachemin, filed their intervention in this suit, denying that plaintiff, Alba, is the owner of the policy in question. Eustace J. Shearman, one of the petitioners, is the undertutor of this minor.

Those parties allege that Mrs. Ulrika Marie Bachemin, widow of Alphonse J. Bachemin, is the tutrix of this minor, but that she refused to intervene in this suit, and claim the policy of insurance in question, although they have requested her to make claim to it in the courts.

Plaintiff excepted to this intervention, on the ground that plaintiffs in intervention are without capacity to appear on behalf of the minor, Rhea Marie Philomene Bachemin, and that the intervention discloses no cause of action.

The judge holding it was not alleged that the minor had any interest in opposition to the tutor, that the proceedings were res inter alios as to the minor, the petition of intervention was dismissed, and he at the same time ordered that Mrs. Ulrika Marie Bachemin be notified as to the court's action, in order that she might properly see to her ward's interest in the premises.

A new trial was granted on the motion of these interveners, and the judgment of dismissal was recalled by the court.

On the second trial the second judgment was the same as that which had been annulled when the new trial was granted. An appeal was taken to this court from the judgment pronounced.

The case is now pending on appeal, not having been reached for hearing. It is No. 14,827 of the docket of this court.

The respondent judge sets forth a number of grounds in opposition to relator's application, mainly that a minor is interested in the fund; that as a ward of the court it devolved upon the court to protect the interest of this ward, and to grant a continuance as before mentioned.

The court specially refers to the fact that, since it had dismissed the intervention of the undertutor, it had become evident, by testimony before the court, that the tutrix had an interest in opposition to her minor, and for that reason the opposition or intervention filed by the undertutor on behalf of the minor should not have been dismissed; and that, if it had not been dismissed, the application for the continuance would, beyond any question, be sustained by the regular rules of practice; in other words, the application would have been made by one duly authorized, instead of an amicus curiæ, who appeared after the dismissal and asked for the continuance.

The respondent states in his return that all the issues now before us on this application will come up for review on appeal in the case to which we have before referred.

The objections present themselves to our consideration in considering relator's application.

In the first place, although the application was filed within the two weeks' delay granted by the judge of the district court, and the delay to answer the rule nisi was fixed within the two weeks, yet, in the few days' delay that elapsed between the return day and the expiration of the week's delay granted by the lower court, as before mentioned, this court did not find time to dispose of the application.

The delay of two weeks granted by the district court has expired since a number of weeks. It has become un fait accompli, and cannot in any manner be revoked or recalled so as to affect the issues now before us.

In a similar case on this point, this court held that mandamus will be refused where there would be nothing upon which it could be made to operate. State ex rel. Romain v. Judge, 49 La. Ann. 578, 21 South. 731; State

ex rel. Dist. Atty. v. Judge, 52 La. Ann. 1, 26 South. 812.

The court said, in the last-cited case, the order of mandamus, even if granted, could not be executed, and therefore it was not granted.

Here time has, in the cited case, disposed of the issues. It is no longer possible to set aside a continuance, the time having elapsed, and that is all we could be called upon to do under the case cited by relator. State ex rel. Sorrel v. Foster, Judge, 106 La. 425, 31 South. 57.

Another reason presents itself to our consideration on this application for relief against the asserted prejudicial ruling of the district court—an application under our supervisory jurisdiction. We are led to infer that the issues are before us on appeal; that is, in a case in which this minor is concerned and her interests are involved, we are to decide issues which will determine whether or not an error has been committed to the prejudice of this minor, and to what extent, if at all, her interests are affected. The right of this minor being before us in another case on appeal, we think of no good reason why we should pass upon two cases in mandamus proceedings.

We place our conclusion mainly on the ground that the time has elapsed, and that now the mandamus, if issued, would have no judicial effect, as doubtless at this time all issues mentioned in the application have been disposed of by the district court to the extent of its jurisdiction.

For reasons assigned, let the writ nisi be recalled and set aside. It is ordered that relator's petition be dismissed and his application denied.

PROVOSTY, J., dissents.

### On Application for Rehearing.
#### (March 14, 1904.)

BREAUX, J. The judge of the district court has reasonable discretion to an extent sufficient to enable him to look after the interest of the minor. It is said that the minor is a ward of the court.

In the legal battle which was waged in the suit in which postponement was granted, it

looked, as we take it, as if the interest of the minor was lost sight of. The court interposed its authority in order exclusively to find out if the minor was entitled to a part of the fund for which the parties to the suit were contending.

From the issues it seemed to him that she had an interest, and, before signing the judgment which might cause her to lose the small amount to which, perhaps, she was entitled, he chose to stop the proceedings, and to assure himself that the judgment would not do a wrong to one who was entitled to his protection as a judge.

In this view we are constrained to decline to interfere.

If there be error, it is on the side of a desire to exercise a discretion guided by law. The judge, under certain circumstances, can act in accordance with his conscience, and in this he will not be controlled, unless there is a clear violation of law. We do not think there was any such violation under the facts. The application for rehearing is refused.