See dissenting opinion of PROVOSTY. J., 48 South. 463.

━━━━━

(48 South. 532.)

No. 17,098.

LOUISIANA RY. & NAVIGATION CO. v. MAYOR, ETC., OF TOWN OF COUSHATTA et al.

(Jan. 18, 1909. Rehearing Denied Feb. 15, 1909.)

1. RAILROADS (§ 34*)—MANDAMUS (§ 143*)—PUBLIC AID—UNREASONABLE DELAY.

As the taxes herein referred to have not been transferred or assigned to the plaintiff company, it has no right of action upon the same. Mandamus should not issue when there has been unreasonable delay in applying for it, especially where the rights of third parties will be prejudiced by the delay.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 34;* Mandamus, Cent. Dig. § 285; Dec. Dig. § 143.*]

2. MANDAMUS (§ 143*)—DELAY.

When the taxpayers of a town have voted that all the property in the town shall (in aid of the construction of a railroad) be taxed during specified years at five mills on the dollar upon the assessments of those years, and the

beneficiary of the taxes takes no steps to compel the town authorities to levy, assess, and collect the same, until years after the taxes should have been levied, assessed, and collected, the court will not order mandamus to issue in aid of the levying, assessing, and collection of the taxes.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 285; Dec. Dig. § 143.*]

(Syllabus by the Court.)

Appeal from Eleventh Judicial District Court, Parish of Red River; Samuel Jamison Henry, Judge.

Mandamus by the Louisiana Railway & Navigation Company against the Mayor and Councilmen of the Town of Coushatta and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Wise, Randolph & Rendall (Nettles & Teer, of counsel), for appellant. William Augustus Wilkinson, John Franklin Stephens, and William Hampton Scheen, for appellees.

### Statement of the Case.

NICHOLLS, J. This is an application for a mandamus by the plaintiff, which alleges that it is the legal successor of the Shreveport & Red River Valley Railway Company, a corporation organized to build and operate a railroad in the state of Louisiana, and that said Shreveport & Red River Valley Railway Company is now dissolved and has been succeeded by plaintiff, who now owns all its rights, property, and estates for a valuable consideration.

That the property taxpayers of the town of Coushatta, on September 23, 1897, voted a special tax of five mills on the taxable property therein for 10 years in favor of the said Shreveport & Red River Valley Company, and under same the town of Coushatta entered into a contract with said company to collect and pay over said tax for 10 years, and in pursuance with said vote and contract that the town council, on July 5, 1898, levied a tax of five mills on the taxable property in the town for the years 1898, 1899, 1900, 1901, 1902, 1903, 1904, 1905, 1906, 1907, in aid

of said Shreveport & Red River Valley Railway Company, and provided for its annual collection and payment to said company.

That under said ordinance and contract this tax was collected for the years 1898, 1899, 1900, 1901, 1902, but since the year 1902 the town council has refused to collect or cause to be collected the tax for 1903, 1904, 1905, 1906, and 1907, and that the assessor for the town has refused to extend said tax on the rolls, and the collector has failed to collect the tax for the years 1902 to 1907, inclusive.

It alleged that the town council assumed to repeal the ordinance levying the tax, but said action was without just cause and an absolute nullity, and that the failure to collect said tax and pay same over to petitioner was without excuse. It prayed for judgment decreeing the contract referred to and the tax levied by ordinance of July 5, 1898, for a period of 10 years to be in full force, and any attempt to repeal said ordinance to be a nullity, and that petitioner be decreed the assignee and beneficiary of said tax for the years 1903 to 1907, inclusive, and that a writ of mandamus issue to W. H. Walmsley, assessor, and to the tax collector of said town, to extend the said special tax on the rolls for the years 1903 to 1907, inclusive, and to collect and pay over same to petitioner.

Defendants answered with a general denial, and alleging that the plaintiff was not entitled to the writ of mandamus for the reason:

That the town council of Coushatta passed an ordinance in 1902 repealing the tax levied in aid of the Shreveport & Red River Valley Railway Company, and that said tax should not be extended on the tax rolls of said town for the year 1903 and subsequent years; that this action was taken after the final termination of the litigation in the suit of J. B. Atkins et al. v. Shreveport & Red River Valley Railway Company, 106 La. 568, 31 South. 166, and this action was well known to plaintiff, its officers and agents, and was acquiesced in by it during the years 1903, 1904, 1905, 1906, 1907, and no demand was made to have the alleged tax placed on the rolls for said years, and by such acquiescence the plaintiff, or the Shreveport & Red River Valley Railway Company, has lost any right it might have had to have extended said tax on the rolls for those years, if any right it ever had.

That defendants were now unable to have said tax extended on said rolls, for the reason that all the taxes for those years have long since been levied, the tax rolls have long since been made up, and the taxes extended thereon; that the taxes on said rolls have been collected and the collector discharged; that said tax rolls have passed beyond the reach of any of the defendants, and were beyond any action demanded of defendants; that by the long silence and acquiescence of plaintiff the position of parties and properties have been changed, and the time for the levy of the tax claimed has long since been allowed to pass by it, and any right it might have ever had to have said tax levied, extended, and collected had passed, and could not now be accomplished by defendants, nor could your defendants be legally commanded to do that which was impossible for them to do.

In the alternative they alleged that, when the aid was voted in favor of the said Shreveport & Red River Railway Company, it agreed to make Coushatta the terminus of the road, and same was one of the material stipulations of the contract, and was explained to the voters as being a condition of the aid, but same was violated, and by its violation the taxpayers were released from further liability and the tax no longer collectible.

Further, that, at the same time that the vote was taken in the town of Coushatta, there was a vote in the parish of Red River and contracts made on the vote taken on the same day; that they were each dependent

one upon the other, and were in fact one and the same, and that the contract with the parish was for the town as well, and said town was entitled to all of its provisions and conditions; that by the express condition the contract of the town was dependent upon that with the parish, and that the express condition on which the aid was voted was that the said company should operate two boats in Red river, and there has been a failure to earn the tax proposed in this respect, as has been finally decided by the judgment of the Supreme Court (106 La. 568, 31 South. 166), which is pleaded as res judicata. The defendant showed that this decision applied to the town of Coushatta as well as to the parish, and that this was the contemporaneous construction placed thereon by both parties, the plaintiff having fully acquiesced in the action taken by defendants under said decree; that, by the violation of the terms and conditions of its contracts, it had long since forfeited any right it or any one else might have had in said tax.

That the tax voted was in aid of the Shreveport & Red River Valley Railway Company, and was personal to it, and, it having gone out of existence, there is no one who was legally entitled to collect anything, if any sum should be due, which was denied, and especially showed that the said Shreveport & Red River Valley Railway Company had never transferred any rights it had therein to the plaintiff, and that it was without right to sue to recover, it not being the owner or beneficiary. The prescription of one, two, and three years was pleaded.

On the trial of the case in the lower court there was judgment for defendants rejecting the demands of plaintiff, from which judgment it was now prosecuting this appeal.

The taxpayers of the town of Coushatta voted at an election held on the 23d of September, 1897, in favor of a special tax of five mills on the taxable property in said town for 10 years in aid of the construction of the Shreveport & Red River Valley Railroad to that town. This election was ordered by an ordinance passed on the 19th of August, 1897, upon a petition of taxpayers, in which petition they alleged that the construction of the Shreveport & Red River Valley Railroad by the Shreveport & Red River Valley Railway Company from the city of Shreveport, parish of Caddo, on a line intersecting the northern boundary of the parish of Red River, and running thence in a southerly direction to within the incorporated limits of the town of Coushatta in said parish, said town to be the terminus of said road, would be of great benefit to the people and property of said town of Coushatta. They therefore prayed the town council to levy a special tax of five mills annually on the property of said town in aid of said Shreveport & Red River Valley Railway Company, commencing January 1, 1898, and for 10 years annually thereafter, provided this tax is to be voted and levied under the following conditions, to wit:

"The said railway company shall commence work on the construction of said road from the city of Shreveport within thirty days after a favorable vote taken thereon and shall fully complete the same ready and put in operation from the city of Shreveport to within the incorporated limits of the town of Coushatta, within twelve months from the promulgation of said favorable vote taken thereon, and shall continually operate through trains thereon. * * * Provided further, that the town of Coushatta shall donate to said Shreveport and Red River Valley Railway Company, free of charge, suitable grounds of easy access for depot and terminal facilities at such point as said town may select."

They prayed that the town authorities order an election to take the sense of the property taxpayers of said town for or against said proposed aid according to law, the ballots to be printed or written in the following form, viz.:

"For a special tax in aid of the Shreveport & Red River Valley Railway Company, for the time on the conditions set forth in the petition of the property tax payers."

The election prayed for to be held in conformity to the petition of the taxpayers and subject to the conditions and stipulations set forth in that petition, which was made part of the ordinance.

The election resulted in a unanimous vote in favor of the proposed tax. The result was promulgated, and the road to the town of Coushatta was completed on the 19th day of August, 1898. The tax in aid of and in favor of the railroad company was levied and collected in the years 1898, 1899, 1900, 1901, and 1902, but in what manner and by whom these special taxes were extended on the tax rolls of those years does not appear.

The ordinance or ordinances levying the tax are not in the record. It is conceded that in 1903 the town council repealed the ordinance levying the tax, and since that year the tax has not been collected. The repealing ordinance is not in the record. On the same day that the taxpayers of the town of Coushatta voted, as has been stated, upon the question of voting a special tax on all the property in that town in favor of the railroad named, the people of the whole parish of Red River held an election upon the question of levying a special tax on all the property in that parish in favor of the same road company. That election was held by virtue of and under authority of an ordinance of the police jury of that parish, based upon a petition of the taxpayers thereof.

In that petition the taxpayers signing the same alleged that:

"The construction of the Shreveport & Red River Valley Railroad from the city of Shreveport to * * * within the incorporated limits of the town of Coushatta, said town being the terminus of the road, would be of great benefit to the people and property of said parish."

They therefore prayed that the police jury levy a special tax of five mills annually for a period of 10 years in favor of said Shreveport & Red River Valley Railroad Company, commencing January 1, 1898, said tax to be levied for the years 1898, 1899, 1900, 1901, 1902, 1903, 1904, 1905, 1906, and 1907:

"Provided that this tax is voted for and to be levied under the following conditions, to wit: That said railway company shall commence the construction of said railroad and fully complete and put in operation said railroad from the city of Shreveport to within the incorporated limits of the said town of Coushatta, within twelve months; * * * provided further, that said railway company shall operate two towboats or steam tugs with convenient barges at such points on the stream of Red river as to furnish transportation of such freight and agricultural products as may be assembled at such points and to operate such boats or steam tugs with convenient barges as low down on said stream of Red river as the present site of Lake End, La."

They therefore prayed the police jury to order an election to be held, submitting to the taxpayers of the parish of Red River the question as to whether said special tax should be levied for the purpose stated.

The election was ordered and held, resulting in a vote in favor of the levying of the tax. The railway company completed the railroad to Coushatta. It was inspected and accepted by the police jury of the parish. The special tax was levied in aid of the construction thereof "as long as said company continue to comply with the contract." The taxes for the years 1898 and 1899 were paid.

On September 10, 1900, certain taxpayers of the parish for themselves, and the police jury for the body of the taxpayers, brought an action to have declared forfeited the special tax of five mills voted for as stated by the taxpayers of the parish, on the ground that the railroad company had not fulfilled the conditions attached to the grant. In March, 1901, judgment was rendered adverse to the plaintiff, and it appealed to the Supreme Court. This court thereafter reversed the judgment appealed from, and rendered a judgment forfeiting the rights to the special tax for 1900, the evidence disclosing that it had failed to comply with its obligation of operating tugboats on the Red river as it had bound itself to do. The court de-

clined to extend the forfeiture of the tax beyond that year, for the reason that the railway company might comply later with its obligations so to do. The rights of all parties for the future were reserved.

In its opinion in that case this court said, referring to the claim made by the plaintiff that the railway company had forfeited its right to the tax voted by the taxpayers of the parish of Red River for the reason that it had extended its road beyond the town of Coushatta:

"We do not think the contract stipulates as a condition of the grant that the town of Coushatta should be and remain the final terminus of the road, since the town is referred to in the taxpayers' petition as being the terminus of the road; but this is held to have been descriptive merely. * * * The reference to Coushatta as the terminus of the road is found only in the first clause of the petition of taxpayers, where it is recited that the construction of the road into the parish and to the town of Coushatta would be, in the opinion of the signers, 'of great benefit to the people and property' of the parish.

"But in that part of the petition following the prayer for the levy of the special tax in aid of the railway, where the conditions of the grant are set forth, no mention is made that Coushatta should be and remain the terminus of the road."

The charter of the Shreveport & Red River Valley Railway Company declares in its first article that the object and purposes for which the corporation was organized and founded and the nature of the business to be carried on was the construction, establishment, operation, and maintenance of a railroad from Shreveport to a point at or near Coushatta in the parish of Red River.

The railway company, after completing its road to Coushatta on the 19th of August, shortly thereafter extended it beyond and below that town. The special tax voted by the taxpayers continued to be levied and paid up to and inclusive of the taxes of 1902.

Shortly after the decision of the Supreme Court in the Atkins Case (106 La. 568, 31 South. 166, Atkins et al. v. Shreveport Red River R. R. Co.), the town council repealed the ordinance levying the tax voted in aid of the Shreveport Red River Valley Railroad Company, and ordering that said tax should not be extended on the tax rolls of said town for the year 1903 and subsequent years, and since that time the special tax has not been levied or extended on the rolls, or collected.

In an act passed on the 22d day of June, 1903, the Shreveport Red River Valley Railroad Company declared it granted, bargained, sold, conveyed, and delivered to the Louisiana Railway & Navigation Company (the plaintiff company)—

"the following described property, to wit: All the capital stock of the said Shreveport & Red River Railway Company and all its property to wit:"

[Here follows in the act a detailed enumeration and description of the things transferred, among which the special tax voted by the taxpayers of the town of Coushatta does not appear. It is under this condition of things and under those circumstances that this action has been brought and defended.]

### Opinion.

The object of the present action as shown by the pleadings and statement of facts is to have issued a mandamus compelling "W. H. Walmsley, assessor," and "the tax collector of the town" to extend the said special tax (the special tax referred to in relator's petition being the special tax voted by the taxpayers of the town of Coushatta on the property in that town in aid of the construction of the railroad therein mentioned) on the rolls for the years 1903 to 1907, inclusive, and to collect and pay over the same to relator. Coupled with this was a prayer that the tax levied by ordinance of July 5, 1898, for a period of 10 years be recognized as in full force, and to decree that any attempt which had been made to repeal said tax be decreed a nullity, and that relator be decreed to be the assignee and beneficiary of said tax.

The evidence discloses that the town council of the town of Coushatta did, by ordinance passed in 1903, declare repealed a prior

ordinance which it had adopted in 1898 in respect to a special tax which had been voted by the taxpayers of that town in favor of the Shreveport & Red River Valley Company for the purpose of aiding in the construction by that corporation of the railroad from Shreveport to Coushatta. It further shows that since the year 1902 the town council had refused to collect or cause to be collected the said special tax for the years 1903 to 1907 (both years inclusive).

The charter of the town is not in the record, but the testimony shows that W. H. Walmsley mentioned in plaintiff's petition was an "employee" of the town, "employed by it for the purpose of preparing the town assessment rolls," and that the "marshal of the town" was ex officio its tax collector. The taxes referred to in plaintiff's petition, and which it seeks to have assessed and collected by mandamus, are not taxes levied by the town council for the use and benefit of the government of the town and for its administration under the powers of taxation conferred upon it for those purposes, but a contribution in the nature of taxes voted by the property taxpayers of Coushatta themselves on their property in aid of the construction of a railroad which presumably benefits themselves and their property. Taxation of that character is outside of the general powers of taxation granted for municipal purposes. Town authorities in authorizing and in ordering elections at which taxpayers in the town are to determine by their vote whether aid should be extended to a railroad corporation for the purpose of building a railroad, and in enacting or in endeavoring to enforce the levying and collection of such quasi taxes, serve simply as instrumentalities provided by law to carry out the will of the people in respect to the special matters so submitted to and decided by them. Town councils are therefore without authority or capacity to set aside the will of the people when they should have voted favorably upon

122 LA.—35

extending such aid. The action of the town council of Coushatta in attempting to do this in reference to the granting by the taxpayers of the town of Coushatta of the aid voted to be extended to the Shreveport & Red River Valley Company to construct the railroad from Shreveport to Coushatta was therefore, from a legal standpoint and per se, without force and effect. This action none the less carried with it serious practical results when acquiesced in and not promptly remedied by parties holding an interest in the subject-matter.

For the purpose of carrying out the will of the people in respect to these taxes, the statute required the town authorities to levy and collect annually the special taxes so voted on by the taxpayers of the town, and, unless and until this shall have been done, assessors are powerless to extend the tax on the tax rolls, and tax collectors are powerless to collect it. Particularly is this the case where the party charged with the preparation of the extension of the town taxes on the tax rolls is a mere employé whose authority is confined to what he is ordered and directed to do by his employer. The tax collector of the town of Coushatta appears to be an officer of the town, and to derive his power from the town council. Inactivity by the town authorities in annually levying the tax operates as effectually to prevent the extension of the specific taxes on the tax rolls as direct adverse action. The tax collector cannot go behind the tax rolls as placed in his hands for collection. The situation in this particular case is that the town council has not levied the special tax voted by the taxpayers of Coushatta in 1898 since 1902, and no action has been taken by any party in interest to compel them to do so.

As matters stand, neither assessor nor tax collector has as yet been clothed with the authority to extend the tax involved herein on the tax rolls or to collect the same. They have neither failed to perform a duty im-

posed upon them, and the writ of mandamus cannot be made to reach them. The only action asked by relator in respect to the town council is that action in which it has taken part, setting aside the ordinance which it adopted in 1898 relative to this special tax, be declared null and void. Our views on that question have already been announced, but they do not carry with them any obligation to take affirmative action of any kind, as the court is not asked to render any decree to that extent. The court is not called upon in this case to express any opinion whether the Shreveport & Red River Valley Railway Company has or has not forfeited its right to the aid voted to be extended to it by reason of its having extended its road beyond Coushatta. The mayor and the town council of Coushatta, not itself owing the tax, have not the legal capacity and right to raise that question and have it decided contradictorily with themselves.

. The defendants urge the court that under no circumstances would the plaintiff company be entitled to a mandamus, as it is not the holder and owner of the taxes ordered to be levied. That the Shreveport & Red River Valley Railroad Company has never assigned them to it. They are not referred to as having been transferred to the plaintiff in the descriptive enumeration of the rights and property conveyed to it by the Shreveport & Red River Valley Railroad Company. Whether this was caused by the recognition of the last-named company that it did not at that time have any right itself to those taxes, or whether the omission resulted from inadvertence, we do not know. Scovell v. R. R. Co., 117 La. 459, 21 South. 723.

Defendants claim that, even if the proper parties were before the court and appropriate pleadings had been made by the plaintiff in this case praying for a writ of mandamus to issue, none could issue in its behalf in the premises, as the time for levying, extending, and collecting the special taxes had passed, and the town council is without capacity or authority to levy for back years a special tax voted by the taxpayers of a town to be levied on their property annually for years specifically named; that the values of property have enhanced beyond what they were during these years, and the ownership of the property has materially changed during that time; that the town council is without authority to levy in one single year taxes which were voted to be levied, assessed, and collected in successive years, and, by so doing, making the special tax operate oppressively upon the property tax payers and upon many persons who had not voted nor had an opportunity to vote upon the question of extending aid to the railroad for the construction of its road; that the laws concerning those quasi taxes by which dissenting minority voters are bound by the vote of a majority are exceptional in character, and in derogation of common right, and should be strictly construed, and rights acquired thereunder promptly enforced; that if the plaintiffs would under any circumstances have been entitled to a mandamus they should have had timely recourse to it, and if they have lost anything in the premises it is by their fault and laches, which they cannot visit upon others.

Defendants submit the following position taken by them in this case, with the authorities upon which they rely in support thereof:

"The petition asks that defendants be compelled to extend this tax on the identical rolls for the different years for which it is claimed, and not that a new one should be made up for the purpose of extending this tax, and it would certainly not be compelled to complete new tax rolls in the place of those which have passed beyond its reach in order that this tax should have a roll upon which it could be extended. Such would be ultra petitionem, and, of course, could not be allowed."

The position taken is fully supported by the authorities, and this relief should be denied. Mandamus will not go to the board of commissioners after the levy of a tax has been completed, the tax has been extend-

ed on the rolls, and the rolls have been placed in the hands of the tax collector for collection, because it would be nugatory for want of power in such board to make the correction required, it being functus officio. Gaither v. Tax Coll., 40 La. Ann. 362, 4 South. 210; High. §§ 140, 141.

The right to interfere in the proceedings of a corporation by mandamus is one of so summary a character that it should be asserted at the earliest convenient time or it will not be sustained. 1 Redfield on Railroads, 692.

Nor will the writ be granted, commanding a tax to be imposed for a special and particular purpose, after the time prescribed for its levy has elapsed. High, p. 120; Ellicott v. Levy Court, 1 Har. & J. (Md.) 360.

A mandamus to compel the assessment of a tax will not be granted where the time within which the assessment can lawfully be made had already passed. Wells v. Hyattsville, 77 Md. 125, 26 Atl. 357, 20 L. R. A. 89.

It is a fundamental principle of the law of mandamus that a writ will never be granted in cases where, if issued, it would prove unavailing.

So it is a sufficient objection to issuing the writ to compel the performance of an official duty that the officer is functus officio and therefore unable to comply with the writ, so that it would prove unavailing if granted. High, p. 35; State v. Waterman, 5 Nev. 323.

Mandamus will not lie to compel performance at an unauthorized time. Stacy v. Hammond, 96 Ga. 125, 23 S. E. 77; Bourd v. County Com'rs, 20 Md. 449; Board v. Klein, 51 Miss. 807; State v. Medbery, 7 Ohio St. 532.

The court will refuse a mandamus where there has been an unreasonable delay in applying for it. In determining what will constitute such unreasonable delay or laches as will defeat the right to a mandamus, regard should be had to the circumstances justifying the delay, to the nature of the case, the relief demanded, and the question of whether the rights of defendants or other persons have been prejudiced by the delay. 107 La. 162, 31 South. 662, McCabe v. Police Board; A. & E. Ency. of Law (2d Ed.) vol. 19, p. 775.

The court may, in the exercise of its discretion, deny an application for mandamus made after an unreasonable delay, especially where the delay has resulted prejudicially to the rights of respondents or others interested. 26 Cyc. p. 393, and note 8; State ex rel. Fisher et al. v. Mayor, etc., New Orleans, 121 La. 762, 46 South. 798.

Plaintiff's counsel refer the court to Dugas v. Town of Donaldsonville, 33 La. Ann. 670; Funke v. Dreyfus & Co., 34 La. Ann. 86, 44 Am. Rep. 413; State v. Knowles, 117 La. 130, 41 South. 439; Arkansas S. Ry. Co. v. Wilson, 118 La. 399, 42 South. 976; and to People v. Board, 12 Barb. (N. Y.) 446, quoted in volume 19, A. & E. Ency. of Law, p. 756, wherein it is declared that:

"Where mandamus is sought to enforce a substantial right, as distinguished from correction of mere errors in practice, delay not exceeding the time allowed by the statute of limitations for an action for similar injuries ought not to prejudice the application."

Defendant pleads prescription against the continued existence and enforcement of special tax laws. We do not think they have legal interest to raise such plea.

We think the judgment appealed from is correct, for several reasons: First. The taxes herein referred to have not been transferred to or assigned to the plaintiff company.

Second. Mandamus should not issue when there has been an unreasonable delay in applying for it, especially where the rights of third parties will be prejudiced by the delay.

Third. When the taxpayers of a town have voted that all the property in the town shall (in aid of the construction of a railroad) be taxed during specified years at five mills on the dollar upon the assessments of those years, and the beneficiary of the taxes takes

no steps to compel the town authorities to levy, assess, and collect the same until years after the taxes should have been levied, assessed, and collected, the court will not order mandamus to issue in aid of the levying, assessing, and collection of the taxes.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.

PROVOSTY, J., concurs in the decree, and solely on the ground that the application for mandamus comes too late.