MONROE, C. J.
[1] Relator was convicted, in several unappealable cases, of having retailed spirituous liquor without having obtained a license, and was variously sentenced to fine and imprisonment, subject to work on the public roads, and to fine, and, in default of payment of same, to imprisonment, subject to work on the public roads. Having reserved certain bills of exception, but, having no remedy by appeal, he notified the trial judge of his intention to apply to this court for a review of the judgments so rendered, by means of writs of certiorari, and asked that he be released on bail during the pend-ency of such applications, which request having been refused, he presented to this court the application now to be considered, for a writ of mandamus, directing that bail be allowed, and an order nisi was issued, requiring the trial judge to show cause, etc.
Article 12 of the Constitution declares that:
“All persons shall be bailable, * * * unless for capital offenses where the proof is evident or presumption great, or, unless, after conviction for any crime punishable with death or imprisonment at hard labor.”
And this court has held (construing the article quoted with R. S. 1007) that a. convict, not sentenced to death or to imprisonment at hard labor, is entitled to be released on bail during the pendency of his appeal. State ex rel. Collette, applying, etc., 106 La. 221, 80 South. 746. The supervisory and the appellate jurisdiction of this court are alike, conferred by the Constitution, and the result of an appeal to either may be the setting aside of a judgment complained of. Where the law gives a right of appeal, such judgment does not beeomb final until the delay for the appeal has expired, or, if the appeal be perfected, until the decision of this court thereon becomes final; and the execution of the judgment of the court of first instance is, in the meanwhile, suspended. In the matter of' applications for writs of certiorari or review to the Courts of Appeal, there is a rule of' this court to the effect that notice of intention to apply for such writs operates to suspend further proceedings under the judgments to which such applications relate.
There is no such rule concerning notice of' intention to apply for relief under article 94 of the' Constitution because of the widely varying conditions to which such applications may be addressed, and this court will always be greatly influenced in such matters by the view taken by the trial judge as to the propriety of staying proceedings, or staying execution, upon mere notice of intention to make an application under that article.
In the instant case, however, the learned respondent judge is of our opinion, that a person sentenced to a fine and imprisonment, “subject to work on the public roads,” upon conviction for a misdemeanor, has the same-right to be released on bail during the pend-ency of his application for a review of his sentence, by certiorari, as though he had brought his case up by appeal- Thus his return reads, in part:
“While the judge of the district court has been shown no authority for the granting of bopds in these four cases, which have not been appealed, yet the court has, all the time, been of opinion that, if the Supreme Court granted writs of certiorari and review in these cases, * * * bonds should be fixed, for, in that case, 'the cases would be before the Supreme Court as if appealed. The court is of opinion that this 'application is premature, and, when the writs of certiorari and review are granted by the Supreme Court, then would be the proper-time to apply to this court for bond; for the applicant could assert that he would make application to the Supreme Court for writs of certiorari or review, and then fail or refuse to do so, after he was released on bond, and thus get- *147 his liberty when the law would not authorize that he be released on bond.”
[2] It will be observed that the learned respondent does not say, nor do we understand him to mean, that, in this particular case, he had any reason to doubt the good faith of the defendant, or his counsel, in notifying him of the intention to apply to this court for relief. We take his meaning to be that, in any case, the party convicted may give such notice, and may then fail to make the application to this court, in which event, if admitted to bail, his release would be unauthorized, and might result in a miscarriage of justice, which is quite true. On the other hand, if the notice of intention is given in good faith, and the intention is thereafter acted on, and the writ of certiorari is issued by this court, would not the consignment to prison, subject to work on the public roads, of the applicant for bail, merely because of his inability to reach this court instanter also operate as a miscarriage of justice? It appears to us that it may very well do so; and we, therefore, conclude that, whilst the trial judge would be justified, in any given case in which he has reason to believe, and does believe, that the notice of intention to apply to this court will not be followed at once by the application, in refusing bail until such application shall actually have been made and granted, but that, in other cases, where no such reason or belief exists, the mere possibility that the notice will not be followed by the application is an insufficient ground for such refusal. The relator herein followed his notice to respondent with applications to this court for writs of certiorari, upon which the usual orders nisi were made, and the applications are now pending. We take it for granted, too, that, relator has, by this time, been admitted to bail, from which it follows that the writ of mandamus here prayed for could now have no function to discharge. It is therefore ordered that the rule herein issued be recalled and this proceeding dismissed.
PROVOSTY, J., dissents.
On Petition for Amendment of Decree.
MONROE, O. J. In this case the court, proceeding upon the assumption (based upon the return of the respondent judge) that the relator, upon obtaining orders for the issuance of writs of certiorari which brought the several cases in which he had been convicted before this court for review, had been allowed bail, entered a decree dismissing the application for mandamus, upon the ground that it would have no function to discharge. It now appears that bail has not been allowed, and is still denied, to relator; and, being of opinion, for the reasons heretofore stated, that it should be allowed, under the existing circumstances, and pending the delay within which applications for rehearing may be made and disposed of, in the cases referred to, it is ordered that the decree heretofore entered in this case be set aside, and that there now be judgment making peremptory the alternative writ of mandamus herein issued, and commanding that the respondent judge admit relator to bail in the cases Nos. 3861, 3865, 3863, and 3864 of the docket of his court, respectively.