(111 So. 622)

No. 28385.

REYNOLDS v. LOUISIANA HIGHWAY COMMISSION et al.

(Jan. 31, 1927.)

*(Syllabus by Editorial Staff.)*

1. Certiorari ⇐═50—Mandamus ⇐═164(3)— Prohibition ⇐═26—Reference of respondent judge, in return, to controversy not connected with issues, held relevant to extent of denying relator's allegation in application for certiorari, prohibition, and mandamus.

Reference of respondent judge, in return, to controversy growing out of case not now before court and in no way connected with issue presented, is relevant and material to extent that it appears in connection with his assertion of fact and denial of correctness of allegation made by relator in application for certiorari, prohibition, and mandamus.

2. Injunction ⇐═148(2)—Fixing amount of injunction bond is within trial judge's discretion.

Fixing amount of injunction bond is matter which rests in sound discretion of trial judge.

3. Injunction ⇐═148(2)—Fixing injunction bond at $25,000 held not abuse of discretion, where work on construction of state project was enjoined.

Fixing amount of injunction bond at $25,000, where preliminary injunction enjoined work on construction of state project under rental agreement, after rejection of all bids on work, at suit of contractor whose bid had been lowest, *held* not abuse of discretion.

4. Certiorari ⇐═67—Mandamus ⇐═172—Prohibition ⇐═28—Amount of injunction bond will not be disturbed because judge erred in estimate of probable damages which might result from granting of preliminary injunction.

That judge may have erred in estimate of probable damages which might result from granting of preliminary injunction is not sufficient reason to warrant reviewing court in interfering with exercise of his discretion to fix amount of injunction bond.

5. Mandamus ⇐═164(4)—Where facts relied on for issuance of mandamus to compel assignment of suit for trial are unsupported by record and denied by judge, mandamus should not issue.

Where facts alleged in application and relied on for issuance of mandamus to compel district judge to assign relator's suit for trial on merits are not supported by record and are denied by respondent judge under official oath, mandamus should not issue, regardless of filing of ex parte affidavit by one of relator's counsel.

6. Prohibition ⇐═17—Application for prohibition to prevent dismissal of suit is premature, where motion to dismiss has not been heard.

Application for prohibition to prevent dismissal of relator's suit for failure to furnish required preliminary injunction bond is premature, where motion to dismiss has not been heard and passed on by trial court.

7. Prohibition ⇐═3(3)—Where motion to dismiss for failure to furnish injunction bond is granted, remedy is by appeal from judgment, rather than prohibition.

Where motion to dismiss for failure to furnish required preliminary injunction bond is sustained, remedy is by appeal from such judgment rather than by prohibition to prevent dismissal.

---

[1] Ante, p. 121.

8. Prohibition ⬤—1, 17—Prohibition should issue only in case of great necessity after fruitless application to lower court for relief.

Writ of prohibition should not issue except in cases of great necessity and after fruitless application to lower court for relief.

Suit by Hampton Reynolds against the Louisiana Highway Commission and others, in which the defendants appealed from an order for the issuance of a preliminary injunction. The court refused to change the amount of the injunction bond, and subsequently the defendants filed a motion to dismiss the suit. On an application of plaintiff for writs of certiorari, prohibition, and mandamus. Application denied.

Milner & Porteous and Richard W. Leche, all of New Orleans, for relator.

W. M. Barrow, of Baton Rouge, for respondent Louisiana Highway Commission.

BRUNOT. J. The Louisiana Highway Commission advertised for bids for the construction of state project No. 156–B, unit No. 1, muck ditches and retaining levees, on the Hammond-New Orleans highway. Relator and several other contractors submitted bids for the work. When the bids were opened it was found that relator's bid was approximately $42,000 less than the next lowest bid; but the highway commission rejected all bids and entered into a contract with the McWilliams Dredging Company to furnish a dredge, all necessary equipment and labor, and to do the work according to the specifications upon which the bids had been submitted, for a monthly rental of $11,000. Relator filed a suit against the highway commission, the board of liquidation of the state debt, and the McWilliams Dredging Company, alleging, in his petition, the nullity of said rental agreement and of the unlawful rejection of his bid for the work, and prayed for the avoidance of the rental agreement, for an alternative writ of mandamus ordering the highway commission to award the contract for the work

to him as the lowest responsible bidder therefor, for a rule to show cause why a preliminary injunction should not issue enjoining the defendants from performing the work contemplated by said rental agreement, from disbursing any of the funds available therefor, and, after trial, for the perpetuation of the preliminary injunction.

The board of liquidation of the state debt excepted to the petition as not disclosing a right or cause of action. This exception was sustained. The other defendants were ruled into court to show cause why the application for a preliminary injunction and for an alternative writ of mandamus should not be granted. The McWilliams Dredging Company excepted to the rule upon the ground that the petition did not disclose a right or cause of action. This defendant also filed a motion to strike out certain allegations of the petition and an answer thereto. The Louisiana highway commission, for the same reasons, excepted to the plaintiff's petition and answered the suit.

The motion to strike out and the exceptions were argued, submitted, and taken under advisement. The matter was heard on the rules, and the court rendered judgment thereon overruling the exceptions, ordering the issuance of a preliminary injunction upon plaintiff furnishing bond in the sum of $25,000, and rejecting plaintiff's application for an alternative writ of mandamus. From this judgment both defendants appealed. Plaintiff then obtained a rule to show cause why the bond for a preliminary injunction should not be reduced from $25,000 to $250. The Louisiana highway commission answered the rule, prayed that the application for a reduction of the bond be denied, and for an order increasing the preliminary injunction bond to $100,000. The McWilliams Dredging Company excepted to the rule and joined the highway commission in its prayer that the bond be increased. The matter was argued and submitted on the exceptions, the rule, and the

answers thereto, and the court overruled the exceptions, recalled the rule nisi, and ordered plaintiff to furnish bond for the preliminary injunction in the sum originally fixed, and within ten days from the date of the judgment thus rendered.

Upon the assumption that plaintiff would fail to furnish the required bond within the delay fixed in the judgment, the defendants filed a joint motion to dismiss plaintiff's suit, and prayed therein for an order requiring plaintiff to show cause on a date to be fixed by the court why his petition should not be dismissed at his cost. Plaintiff thereupon applied to this court for writs of prohibition and mandamus. In response to a rule to show cause why the relief prayed for by relator should not be granted, the district judge and the McWilliams Dredging Company have filed returns, the record has been sent up to us, and the matter is now submitted for our consideration.

[1] Relator has filed a motion in this court to strike out paragraph 2 and a certain word in paragraph 1 of Article III of the return of the district judge, upon the ground that the matter complained of is irrelevant, improper, and impertinent. The reference of the respondent judge to a controversy, growing out of a case not now before this court and in no way connected with the issues now presented, appears in connection with the respondent judge's assertion of a fact and denial of the correctness of an allegation made by relator in his application for certiorari, prohibition, and mandamus, and, to this extent, it is relevant and material.

The McWilliams Dredging Company has moved to dismiss relator's application, for the reason that it was not notified, as required by law and by the rules of this court, of relator's intention to apply for certiorari, prohibition, and mandamus. Relator has filed the affidavit of Richard W. Leche, who deposes and says that, in open court and in the presence of counsel for both defendants, he "notified the court that in all probability writs of certiorari, mandamus, and prohibition would be applied for." It also appears that counsel for relator notified the respondent judge, by letter, that application had been made to this court for writs of certiorari, prohibition, and mandamus. Inasmuch as we have reached the conclusion that, for other reasons, the rule to show cause herein should be recalled and the application for writs of prohibition and mandamus denied, we do not think it necessary to determine whether relator has shown a sufficient compliance with section 1 of rule 15, which contains the following proviso:

"Provided, however, that a failure to give such notice shall not of itself be a sufficient cause for dismissing the application or for recalling a rule nisi."

The purpose of relator's application is threefold, viz., to compel a reduction of the bond required by the district judge as a condition precedent to the issuance of a preliminary injunction, and to compel the district judge to assign relator's suit for a trial on the merits, and to prevent the dismissal of relator's main suit upon his failure to furnish the required preliminary injunction bond.

[2-4] The fixing of the amount of an injunction bond is a matter which rests in the sound discretion of the trial judge. Of course, under the supervisory powers of this court, an arbitrary or manifest abuse of that discretion may be reached and corrected, but there is nothing sufficiently convincing in the record before us to form the basis for the conclusion that the respondent judge is chargeable with an abuse of judicial discretion. He assigns, as reasons for his action, that this court might, on appeal, reverse his judgment, and, in that event, the damage resulting from the suspension of the proposed work might exceed $25,000. Although it is possible that the respondent judge may have

erred in his estimate of the probable damages which might have resulted from the granting of the preliminary injunction, this is not a sufficient reason to warrant this court in interfering with the exercise of the discretion which the law has vested in him. The following cases seem to be decisive of the question: State v. Judge, 26 La. Ann. 116; Bell v. Riggs, 37 La. Ann. 813; Dauenhauer v. Rossner, 146 La. 349, 83 So. 647; Strange v. Carraway, 159 La. 61, 105 So. 225.

[5] The facts alleged in relator's application and relied upon for the issuance of a mandamus to compel the district judge to assign relator's suit for a trial on the merits are not supported by the record and are denied by the respondent judge under his official oath. Under these circumstances, and regardless of the filing in this court of the ex parte affidavit of one of relator's counsel, a mandamus would not serve a useful purpose and should not issue. Hanson v. St. Mary Parish, 116 La. 1080, 41 So. 321; La. R. & N. Co. v. Coushatta, 122 La. 1079, 48 So. 532; State v. Hollingsworth, 137 La. 144, 68 So. 387; State v. Burbank, 22 La. Ann. 298.

[6, 7] On the last question presented, it is our opinion that relator's application for a writ of prohibition is premature. The motion to dismiss, of which relator complains, has not been heard and passed upon by the respondent judge. We are also of the opinion that, in the event the motion to dismiss is sustained, relator's remedy would be by an appeal from that judgment.

[8] The writ of prohibition should not issue except in cases of great necessity and after a fruitless application to the lower court for relief. State v. Judge, 10 Rob. 169; State v. Rightor, 40 La. Ann. 837, 6 So. 102; State v. Judge, 46 La. Ann. 365, 14 So. 906; State v. Sommerville, 111 La. 1015, 36 So. 104.

For the reasons assigned, it is therefore ordered and decreed that the rule to show cause heretofore issued herein is hereby recalled and set aside, and the application for writs of mandamus and prohibition are denied, at relator's cost.