BREAUX, J.
On appeal of the city of New Orleans from judgment of the civil district court for the parish of Orleans.
Plaintiff in rule seeks to collect taxes and interest he claims as due to the metropolitan board.
A branch of this case was before this court recently. 31 South. 55.[1] The powers of the receiver were enlarged, 'and the court held that the “warrants of the defunct board are not limited for their payment to. the taxes of the years during which they were issued, but may be claimed against the taxes of any of the years during which the taxes were imposed”; that, “in other words, the taxes of the several years from 1S69 to 1876, inclusive, constitute one fund, out of which the warrants of the defunct board are payable.”
Subsequently, in a rule which the receiver caused to issue, he alleged that he is entitled to collect from the city treasurer all metropolitan taxes for years stated, as well as the interest accrued thereon.
The city sought to meet this rule by answer denying that it had on hand any police taxes of any year, or that there were any other taxes to be collected, and specially denied that it owed any interest collected on such taxes to the board of metropolitan police, now represented by the receiver, plaintiff in rule.
The chief clerk of the city treasurer testified that the tax-collecting department is collecting the taxes of 1869 to 1877, inclusive.
It appears that the bookkeeper keeps a separate account of the metropolitan tax (that is, of the principal tax), but he does not keep a separate account of the interest collected on any one tax due to the defunct board. The matter of interest is the issue between plaintiff and defendant. The plaintiff claims interest collected on this tax, while the defendant city denies that plaintiff is entitled to this interest.
The judge of the district court made the rule absolute and ordered the city treasurer of the city of New Orleans to keep account of this fund separate and apart from all city moneys and revenues, and directed him to pay it over to the receiver, together with interest thereon; i. e., of that fund collected and that to be collected for the years 1869, 1870, 1871, 1872, 1873, 1874, 1875, 1876, 1877. From this judgment the city appeals.
The organization of the board dates from 1808, in accordance with a special legislative act to that end.
This statute required the board to make an estimate of the sum required for expenses of the police force. We assume that the amount due altogether has been fixed, and that the city, by its books, can show the amount due. There is no intention, we take it, on the part of any one, to claim a larger amount than that actually due.
If the amount of the tax for the years mentioned and the interest are more than necessary to pay this indebtedness, the surplus is not to be turned over to the board.
Until it becomes evident that more tax and interest are being collected than necessary to pay the amount of this claim, we do not feel called upon to interpose judicial authority to put a stop to any further payment by the city.
We have no reason to infer that there is a surplus to the credit of this fund.
We are decidedly of opinion that, when a tax is imposed to pay a claim, both the amount of the tax collected and the penalty are due, to the extent needful to extinguish the claim.
For these reasons, the judgment appealed from is affirmed.

 106 La. 469.