KLEES, Judge.
Plaintiffs brought this action seeking to recover additional wages allegedly due them since January 1, 1971, under Article 14, Section 25 of the Constitution of 1921, which provided for the City of New Orleans to levy a special property tax, the proceeds of which were to be used exclusively for the purpose of an increase in pay of the officers of both the Fire Department and Police Department.
Plaintiffs complain that the portion of the millage intended to increase their pay in 1928, which the City collects under this provision, was paid to them in a lump sum annually until January 1, 1971, at which time the City began to include the payment in the regular paychecks received by.plaintiffs on a bi-weekly basis.
It is the sufficiency of plaintiffs’ petition herein which is at issue, for the defendant-appellee City of New Orleans files peremptory exceptions of no cause of action and prescription to the plaintiffs’ petition. Following a hearing, the trial court sustained defendant’s exception of no cause of action, and rendered judgment dismissing the suit. Plaintiffs filed a motion for new trial, which was denied following hearing, and plaintiffs filed this appeal.
The sole issue for determination in this matter is whether or not the plaintiffs’ petition states a cause of action against the defendants.
The pertinent provisions of plaintiffs’ petition for the purposes of this appeal provide:
VI. Prior to January 1, 1971, the avails of said property tax were paid to those individuals employed as policemen by the New Orleans Police Department in a lump sum, annually, which sum was over and above the regular salary of said policemen.
VII. Since January 1, 1971, the City of New Orleans, the City Civil Service Commission of New Orleans, and/or the New Orleans Police Department have used the avails of said property tax as a contribution to the regular salary of the individuals who are, have been, or may be employed as policemen, thus depriving said individuals of the additional pay which was intended under the Louisiana Constitution of 1921 and 1974. Accordingly, defendants have been and continue to be in violation of the provisions of the Louisiana Constitutions of 1921 and 1974.
Article 14, Section 25 of the Constitution of 1921 provides as follows:
New Orleans; special tax for fire and police departments:
Section 25: In addition to such other taxes as the City of New Orleans is now, or may be hereafter, authorized to levy, said City shall levy annually a special tax, not exceeding three mills on the dollar, on all taxable property. In said City,. as assessed and valued for city taxation purposes. The avails of said special tax are hereby dedicated to the maintenance of a double platoon system in the Police Department of said City, and for an increase in the pay of the officers and men in said departments, respectively, and shall be used by said City exclusively for said purposes, respectively, according to such apportionment as said City may make from time to time; provided, however, that one-half the avails of said tax in excess of two mills shall be used exclusively for the purpose of an increase in the pay of officers and men in the Fire *413 Department of said City, while the other half shall be used exclusively for the purpose of an increase in the pay of officers and men in the Police Department of said City. (Amended by Acts 1928, No. 260, adopted Nov. 6, 1928).
The provision in question authorized a special property tax for the City of New Orleans of not more than three mills and provided that the proceeds of the tax in excess of two mills “shall be used exclusively for the purpose of an increase in the pay” of policemen and firemen.
Defendants in this case rely on the case of Ziemer v. City of New Orleans, et al., 197 So. 754 (La.1940) and argue that our Supreme Court interpreted Article 14, Section 25 of the Constitution of 1921 as amended Act No. 260 of 1928, to be a one time increase in pay for the New Orleans policemen and firemen; plaintiff’s argue that Ziemer v. City of New Orleans, et al., supra neither discusses, implies nor infers a onetime-only increase in pay.
In Ziemer, the plaintiff firemen had received several reductions in pay during the years 1933-35, after they had received increased in salary pursuant to Article 14, Section 25 of the Louisiana Constitution as amended by Act 260 in 1928. The firemen were suing for the restoration of their pay. They contended that the avails of the special property tax had to be applied exclusively to the payment of increases in their salaries. The Louisiana Supreme Court found that the compensation which the firemen were receiving was indeed insufficient. Therefore, when Article 14, Section 25 was amended in 1928 by Act 260, an increase in compensation, inter alia, was contemplated.
The Supreme Court stated, at pp. 757-758:
The annual appropriation for the years 1919 and 1920 for the maintenance of the Fire Department was $673,690.80 and in the year 1938 the appropriation was $1,200,000. The estimated receipts derived from one-half of the 1 mill tax in 1938 was $210,733.01. The estimated return of half of the 2 mill tax in 1938 was $421,466.02. The appropriation in 1938 after deducting the proceeds of the tax, would amount to $567,800.97. In other words, the appropriation in 1938, after deducting the proceeds of the tax, was far short of the annual appropriation of the years 1919 and 1920, prior to both amendments to the Constitution. Act 78 of 1920, adopted as a constitutional amendment and incorporated in the Constitution of 1921 as Section 25 of Article 14, reads: “In addition to such other taxes as the City of New Orleans is now, or may be hereafter, authorized to levy, said city shall levy annually a special tax not exceeding two mills on the dollar, on all taxable property in said City, as assessed and valued for City taxation purposes the avails of said special tax are hereby dedicated to the maintenance of a double platoon system in the fire department and a triple platoon system in the police department of said City and for an increase in the pay of the officers and men in said departments, respectively, and shall be used by said City exclusively for said purposes, respectively, according to such apportionment as said City may make from time to time.” Section 25 of Article 14, as amended by Act 260 of 1928, reads: “In addition to such other taxes as the City of New Orleans is now, or may be hereafter, authorized to levy, said City shall levy annually a special tax, not exceeding three mills on the dollar, on all taxable property in said City, as assessed and valued for city taxation purposes. The avails of said special tax are hereby dedicated to the maintenance of a double platoon system in the Fire Department and a triple platoon system in the Police Department of said City, and for an increase in the pay of the officers and men in said departments, respectively, and shall be used by said City exclusively for said purposes, respectively, according to such apportionment as said City may make from time to time; provided, however, that one-half the avails of said tax in excess of two mills shall be used exclusively for the purpose of an increase in the pay of officers, and men in the Fire *414 Department of said City, while the other half shall be used exclusively for the purpose of an increase in the pay of officers and men in the Police Department of said City.
The defendants contend that the lower court erred in its interpretation of Section 25, as amended by Act 260 of 1928, in holding that the half mill of the tax should be used exclusively to increase the salaries of the members of the Fire Department over and above the amounts they were receiving at the time this latter amendment went into effect. The defendants contend that there is no duty imposed upon the City to appropriate out of the general fund an amount adequate to maintain the Fire Department, and in no event, less than was required for such maintenance prior to 1921, and that the amendment contains no provision making it the mandatory duty of the City to do so. The plaintiffs urge the affirmation of the judgment of the lower court in this respect.
Undoubtedly the Legislature was cognizant of the salaries that the members of the Fire Department were receiving at the times that both Acts were passed to amend the Constitution, and in instance felt that the salaries were insufficient because in both instances provisions were made to increase them. Section 25, as amended by Act 260 of 1928, contemplates raising or increasing the salaries. The Section, as amended, provides in effect that half a mill of the tax shall be used exclusively for an increase in the pay of the officers and men in the Fire Department. The Legislature must have been cognizant of the apportionment of the 2 mill tax authorized by Act 78 of 1920, which was adopted and made Section 25 of Article 14 of the Constitution of 1921. Prior to the constitutional amendment of 1921 the City maintained the Fire Department. As we take it the amendment of 1921 provided means to increase the department to a two platoon system and to increase the pay of the men. The City levied the tax for the special purposes and used the funds derived from it as designated. In our opinion the amendment contemplated that the City would continue to maintain the department in the same manner as it had before and would use the funds derived from the tax to increase the services of the department and the pay of the men. To say the least, the City availed itself of the provisions of this Section.
Also, when Section 25 was amended in 1928 the City availed itself of its provisions and levied the tax. Then, how can it be said that the City was not cognizant of the fact that it should maintain the Fire Department in the same manner, since the City availed itself of the amendments for increasing the services of the department and the pay of the firemen? The amendment of 1928 undoubtedly contemplated an appropriation of an additional amount from the general fund equal to the prior appropriation. This conclusion is evident from the significant language used in the amendment, viz.: “shall be used exclusively for the purpose of an increase in the pay.”
The Court ordered the salaries of the plaintiff firemen restored to the basis on which they were paid in 1929-30 when the Constitutional amendment in question first came into effect.
It is clear that the trial judge considered that the increase contemplated by the constitution required a one-time-only increase. We agree.
While the holding of Ziemer, in our opinion does not deal with this issue, the reasoning expressed by the court in its discussion of the legislative intent in increasing the salaries of the firemen and policemen and its determination that the City would continue to maintain the fire department in the same manner as it had before the amendment as well as contemplating an appropriation from the general fund equal to the prior appropriation, leads us to conclude that this was a one-time increase.
There is nothing in plaintiffs’ petition alleging that the supplement is not over and above salaries being paid at the time the law went into effect.
*415 We are additionally pursuaded by defendants’ argument that it could not have been the intention of the legislature in 1928 to bind the City of New Orleans, so that all future wage increases once granted, could never be reduced at all.
Accepting the facts as presented in plaintiffs’ petition as true, which we must in determining the. merits of an exception of no cause of action, we find that defendants have used the avails of the special tax of Article 14, Section 25 to pay the salaries of police officers as intended.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff’s cost.
AFFIRMED.