| TVICTORY, J.,
concurring.
I agree with the majority’s holding in this case, but write separately because I disagree with the majority’s complete and total repudiation, although in dicta, of the doctrine of laches. While recognizing that this equitable doctrine does not prevail in Louisiana, this Court has applied, and should continue to apply, this doctrine if “rare and extraordinary circumstances” so merit. See T.D. v. M.M.M., 98-0167 (La.3/2/99), 730 So.2d 873; Ponds v. Treen, 407 So.2d 671 (La.1981) (“a recall petition is deemed abandoned by laches when the recall petitioners do not actively pursue their remedy ... ”); McCraine v. Hondo Boats, Inc., 399 So.2d 163 (La.1981) (“federal substantive admiralty or maritime law(including the doctrine of laches) applies if the claim is one in admiralty”); Louisiana State Bar Ass’n v. Edwards, 387 So.2d 1137 (La.1980) (“The doctrine of laches cannot be invoked to prevent disciplinary action unless the respondent has been prejudiced in his defense by the delay”); Barnett v. Develle, 289 So.2d 129 (La.1974); New Orleans Firefighters Ass’n Local 632 v. City of New Orleans, 263 La. 649, 269 So.2d 194 (1972) (laches is an affirmative defense which must be specially pleaded); Ziemer v. City of New Orleans, 195 La. 1054, 197 So. 754 (La.1940) (an unreasonable delay by aggrieved public employees in asserting monetary claims against a public body may relieve that 12body of liability under the doctrine of laches).