DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-110

LOCAL NUMBER 1442, PROFESSIONAL FIREFIGHTER'S
ASSOCIATION, ET AL

VERSUS

CITY OF CROWLEY

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 77084
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Jimmie C. Peters, Michael G. Sullivan, and J. David Painter, Judges.

Peters, J., concurs in part and dissents in part and assigns written reasons.

AFFIRMED.

Daniel E. Broussard, Jr.
P.O. Box 1311
Alexandria, LA 71309-1311
Counsel for Plaintiff-Appellant:
    Local Number 1442, Professional Firefighter's Association

Thomas K. Regan
P.O. Box 688
Crowley, LA 70527-0688
Counsel for Defendant-Appellee:
    City of Crowley

PAINTER, Judge.

Plaintiff, Local Number 1442, Professional Firefighter's Association (Local 1442), appeals the judgment of the trial court denying its petition for a judgment seeking a declaration that the City of Crowley (the City) must use 33⅓ percent of the sales tax approved by the voters in 1981 for salary increases for all fire personnel. Finding that the trial court correctly held that "the funds generated from the 1981 tax initiative are being utilized in accordance with the intent of that initiative, as well as the law," we affirm the judgment of the trial court.

### FACTS AND PROCEDURAL HISTORY

In late 1981, the voters of the City of Crowley approved a sales tax proposition authorizing the City to levy and collect a tax of one-half of one percent on "the sale at retail, the use, the lease or rental, the consumption for storage, or use, or consumption of tangible personal property and on sales of services in the City. . . ." The voters chose to have the tax used for the purpose of salary increases for City employees and chose to have the proceeds equally divided, with 33⅓ percent to all City employees not otherwise covered here, 33⅓ percent to all fire personnel, and 33⅓ percent to all police personnel. It is undisputed that the sales tax proceeds have been used for the increased cost of wages above the base pay for each employee and for the associated expenses and costs related to the employee's salary increase, including contributions to the retirement fund, FICA taxes, workers' compensation insurance premiums, and unemployment insurance premiums.

In April 2001, Local 1442 filed a petition for declaratory judgment asserting that the taxes were not being used as required by the sales tax proposition. After a

1

trial on the merits, the trial court found that the funds generated by the tax initiative were being used as intended.  Local 1442 appeals.

## DISCUSSION

On appeal, Local 1442 asserts that the trial court erred in failing to find that the City violated the terms of the sales tax proposition by using the sales tax proceeds to fund all pay increases of the Crowley Fire Department since 1981, promotional increases for fire personnel after 1981, future overtime pay for fire personnel, and base pay for all fire personnel promoted after 1981.

In ruling on the matter, the trial court stated that:

The Court has heard the testimony of Ms. Istre, Ms. Judy Istre, who is the City Clerk for a period of twenty-seven (27) years, and considering the memorandums and the exhibits that have been filed in these proceedings, the Court finds that the funds generated from the 1981 tax initiative are being utilized in accordance with the intent of that initiative, as well as the law.

Ms. Istre's testimony was quite impressive in that the base salary, based on her testimony, of all firefighters is paid out of the General Fund and not this tax initiative or revenue generated from the tax initiative, the subject of this lawsuit.

Ms. Istre testified that the sales tax proceeds are used only for salary increases.  Base salary comes from the general fund. She further testified that since 1982, any increase in salary has come from the sales tax proceeds, including increases for promotion, rank and grade, longevity, and service.  She affirmed that every increase above base salary has come out of the sales tax proceeds when those funds were sufficient to cover the increase.  She stated that some years the sales tax collected was not sufficient to cover the scheduled raises, and, in those years, any shortfall comes from the general fund.  Ms. Istre testified that before the sales tax was passed, all raises came from the general fund.

2

Local 1442's argument is essentially that the sales tax was meant to provide for salary increases over and above those already being provided for from the general fund at the time the tax initiative was passed. Local 1442 cites *Fraternal Order of Police Crescent City Lodge No. 2 v. City of New Orleans*, 01-52 (La.App. 4 Cir 2/19/03), 840 So.2d 36, *writ denied*, 03-1216 (La. 10/3/03), 862 So.2d 960, in support of its argument. We note that, even if we found that case to support Local 1442's argument, we would not be bound to follow its holding. However, we find that case to be inapposite. In that case, it was clear that the police officers were not only not receiving an increase but that their salaries had been reduced by the amount received from the tax millage. The testimony in this case shows that the firefighters are receiving their full base pay from the general fund as well as any raises that are not covered by the sales tax millage.

Having reviewed the evidence and testimony of record, we find no error in the trial court's conclusion that the proceeds of the sales tax are being used as contemplated by the sales tax initiative.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Plaintiff-Appellant, Local 1442, Professional Firefighter's Association.

**AFFIRMED.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-110

LOCAL NUMBER 1442, PROFESSIONAL FIREFIGHTER'S
ASSOCIATION, ET AL

VERSUS

CITY OF CROWLEY

PETERS, J., concurring in part and dissenting in part.

I agree with the majority to the extent that it allows the City of Crowley (the City) to use the 1981 tax initiative funds to pay for across the board increases in salary, promotional increases in salary, and the two percent longevity increases in salary for the City's firefighters. However, I would reverse the trial court's judgment to the extent that it allows the City to use the funds generated from the tax initiative for overtime pay, holiday pay, workers' compensation insurance premiums, the City's retirement fund obligations, and the City's share of the cost of insurance or unemployment contributions.

The proposition clearly provides that the anticipated revenue was to be used for employees' salary increases. In fact, the City does not dispute this fact. The problem is that the City has expanded the language of the proposition to include the ancillary costs associated with such increases in salary. The trial court agreed with this expanded interpretation and the majority proposes to affirm the trial court judgment. I disagree that these ancillary costs fall within the definition of salary.

Black's Law Dictionary defines "salary" as follows:

> An agreed compensation for services — esp. professional or semiprofessional services — usu. paid at regular intervals on a yearly basis, as distinguished from an hourly basis. ● Salaried positions are usu. exempt from the requirements of the Fair Labor Standards Act (on overtime and the like) but are subject to state regulations.

Black's Law Dictionary 1364 (8th ed. 2004).

Although overtime pay and holiday pay increase the firefighters' total compensation, they are not part of a firefighter's salary. In fact, the statutes governing overtime and holiday pay for firefighters draw a distinction between salary and compensation. Overtime compensation is governed by the Fair Labor Standards Act, which distinguishes it from salary as defined by Black's Law Dictionary. La.R.S. 33:1994. Additionally, overtime compensation is calculated based on a fireman's "average monthly salary." *Id.* Holiday pay is also calculated by reducing the "average monthly salary to an hourly scale." La.R.S. 33:1999. Further, in compensating firefighters for working on holidays, the municipalities have the option of granting additional time off instead of giving them the additional monetary compensation. La.R.S. 33:1999. Thus, I conclude that neither overtime pay nor holiday pay is an increase in the firefighters' salary within the meaning of the tax initiative.

Nor do I find that payments of workers' compensation insurance premiums, the City's retirement fund obligations, and the City's share of the cost of state unemployment contributions or insurance are increases in the firefighters' salary. Rather, these are contractual or statutory obligations with which the City must comply. This interpretation is supported by La.R.S. 23:1163(A), which prohibits employers from collecting money from an employee, either directly or indirectly, to pay workers' compensation insurance premiums[1] and La.R.S. 23:1531(A), which

---

[1] La.R.S. 23:1163(A) provides:
It shall be unlawful for any employer, or his agent or representative, to collect from any of his employees directly or indirectly either by way of deduction from the employee's wages, salary, compensation, or otherwise, any amount whatever, or to demand, request, or accept any amount from any employee, either for the purpose of paying the premium in whole or in part on any liability or compensation insurance of any kind whatever on behalf of any employee or to reimburse such employer in whole or in part for any premium on any insurance against any liability whatever to any employee or for the purpose of the employer carrying any such insurance for the employer's own account, or to demand or request of any employee to make any payment or contribution for any such purpose to any other person.

prohibits employers from deducting contributions "in whole or in part, from the wages of individuals in the employer's employ."[2] Funding these obligations with the money intended to increase the firefighters' salaries defeats the purpose of the tax initiative.

Accordingly, I find that the proceeds from the 1981 tax initiative may not be used to fund overtime pay, holiday pay, workers' compensation insurance premiums, the City's retirement fund obligations, or the City's share of the costs for insurance or state unemployment contributions because they are not salary increases within the meaning of the tax initiative. I would affirm in part and reverse in part.

---

[2]Louisiana Revised Statute 23:1531(A) provides:
Contributions shall accrue and become payable by each employer for each calendar year in which he is subject to this Chapter with respect to wages for employment. These contributions shall become due and be paid by each employer to the administrator for the fund in accordance with such regulations as the administrator may prescribe, and *shall not be deducted, in whole or in part, from the wages of individuals in the employer's employ.* (Emphasis added.)

3